UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDRE L. McRAE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-2878 (CKK) |
| CHARLES LOCKETT, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM OPINION**

Andre L. McRae is a federal prisoner currently designated to the United States Penitentiary in Tucson, Arizona ("USP Tucson"). Proceeding *pro se*, he brings this action against officials and employees of the Federal Bureau of Prisons ("BOP") their official capacities and in their individual capacities under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This matter is before the Court on Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue (ECF No. 42).[1] For the reasons discussed below, the Court GRANTS defendants' motion to dismiss in part, and grants their motion transfer venue.[2]

---

[1] Also before the Court are four motions filed by plaintiff. The Court will grant his motions for an extension of time to file a surreply (ECF No. 58) and for leave to file surreply (ECF No. 61), and will deny without prejudice his motions to compel (ECF No. 55) and to appoint counsel (ECF No. 56).

[2] The Court has considered the following submissions and their exhibits:
- Complaint (ECF No. 1, "Compl.")
- Supplemental Memorandum (ECF No. 12)
- Notices (ECF Nos. 36-37)
- Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue (ECF No. 42, "Defs.' Mot.")

1

I. BACKGROUND

Plaintiff alleges that defendants retaliated against him for having filed two lawsuits: one against prison officials at USP Tucson in 2015 and another against prison officials at the United States Penitentiary in Coleman, Florida, in 2017. *See* Compl. at 11 (page numbers designated by CM/ECF). For example, defendants allegedly tamper with plaintiff's incoming and outgoing personal and legal mail, monitor plaintiff's email messages, falsify incident reports, and place him in Special Housing Units. *See generally id.* at 11-18, 24-32. Plaintiff demands monetary damages, among other relief, for alleged violations of rights protected under the First, Fifth, and Eighth Amendments to the United States Constitution. *See generally id.* at 40-48.

Counsel identifies each defendant and his or her employment status:

- Michael Carvajal, BOP's Director
- Gene Beasley, BOP's Deputy Director
- Barbara von Blanckensee, formerly Warden at USP Tucson, currently the North Central Regional Director in Kansas City, Kansas
- Anthony Gallion, former Special Investigative Services Lieutenant at USP Tucson, currently Lieutenant at USP Tucson
- Timothy Herlich, Special Investigative Services Lieutenant at USP Tucson
- Denise Madrid, Special Investigative Services Technician at USP Tucson
- Francisco Shirley, Special Investigative Services Technician at USP Tucson
- Kevin Lagro, Special Investigative Services Technician at USP Tucson
- Randy Carabajal, Special Investigative Agent at USP Tucson
- Michael Segal, former Associate Warden at USP Tucson, currently Warden at Federal Correctional Institution Pekin in Pekin, Illinois

---

- Plaintiff's Opposition/Reply to Defendants' Motion to Dismiss, or Alternatively, to Transfer Venue (ECF No. 48, "Pl.'s Opp'n")
- Plaintiff's Motion to Correct Doc. 48 (ECF No. 52)
- Plaintiff's Supplement to his Opposition/Reply to Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue (ECF No. 53)
- Defendants' Reply Memorandum in Support of Motion to Dismiss, or Alternatively, to Transfer Venue (ECF No. 54)
- Plaintiff's Motion Requesting the Court to Order the Defendants to Give Plaintiff All His Legal Documents Pertaining to this Case (ECF No. 55)
- Defendants' Opposition to Plaintiff's Motion to Compel (ECF No. 57)
- Plaintiff's Surreply to Defendants' Reply in Support of Motion to Dismiss, or Alternatively to Transfer Venue (ECF No. 59)

- Antoinetta Estrada, Disciplinary Hearing Officer at USP Tucson
- John O'Brian, currently retired but former Chief of the Designation and Sentence Computation Center in Grand Prairie, Texas
- Duane Phillips, Mailroom Supervisor at USP Tucson
- Randy Schneider, Mailroom Clerk at USP Tucson
- Monica Cota-Reed, Correctional Systems Officer at USP Tucson
- Mark County, currently retired but former Unit Manager at USP Tucson
- Andres Miranda, Case Manager at USP Tucson
- Stephen Pullen, Case Management Coordinator at USP Tucson
- Shara Johnson, Psychologist at USP Tucson

*See* Defs.' Mot. at 22-23 (page numbers designated by CM/ECF); *see also* Compl. at 5-9. Counsel represents plaintiff has not identified the "John Doe" defendant "Special Investigative Services Director/Chief Supervisor First Name Unknown," in an official and individual capacity, and "[a]fter reasonable inquiry, [BOP] is unable to identify an individual matching this job title." Defs.' Mot. at 13 n.5.

II. DISCUSSION

Among other arguments, defendants urge dismissal of the complaint for failure to state a claim against defendants Carvajal and Beasley, for lack of personal jurisdiction over the remaining defendants, and for improper venue.

   A.   The Complaint Fails to State a Claim Against Carvajal and Beasley Upon Which Relief Can Be Granted

The Court is mindful of its obligation to construe plaintiff's *pro se* amended complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and to take into account all of plaintiff's submissions, *see Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999). Still, plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Id*. (citing *Twombly*, 550 U.S. at 556).  Pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545-46.  A claim "crosses from conceivable to plausible when it contains factual allegations that, if proved, would 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (alteration omitted) (quoting *Iqbal*, 556 U.S. at 678).

In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  "Critical to a *Bivens* claim is an allegation 'that the defendant federal official was personally involved in the illegal conduct.'" *Ballard v. Holinka*, 601 F. Supp. 2d 110, 120 (D.D.C. 2009) (quoting *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997)).  Defendants argue that the complaint "fails to plead *any* factual allegations sufficient to state constitutional violations committed personally by [BOP] Director Carvajal or . . . Deputy Director Beasley."  Defs.' Mot. at 27 (emphasis in original).  The Court concurs.

The only factual allegations pertaining to Carvajal and Beasley are (1) that plaintiff sent Carvajal a letter dated April 17, 2020, "detailing the retaliatory acts of BOP officials . . . to include the . . . nefarious acts committed against him at USP Tucson . . . for his filing a Civil Torts Claim case on USP Tucson officials," Compl. at 38, and (2) that Beasley would have received the grievance plaintiff submitted on April 20, 2020, *id.* at 40.  Essentially, plaintiff faults Carvajal and Beasley for their failure to address the concerns he raised in these written

submissions, *see id.*; *see generally* Pl.'s Opp'n at 26-31, and thereby attempts to hold them liable in their supervisory capacities for the "wrongdoings committed under [their] watch," *id.* at 27. This is just the type of claim *Bivens* forbids. A government "official must have participated personally in the alleged wrongdoing," and he cannot be held liable under *Bivens* "based on a theory of vicarious liability or respondeat superior." *Burke v. Lappin*, 821 F. Supp. 2d 244, 247 (D.D.C. 2011) (citations omitted).

Even if plaintiff had sent these defendants "multiple letters, complaints and a plethora of Central Office Administrative Remedies," Pl.'s Opp'n at 26, he fails to demonstrate that Carvajal and Beasley played any part in the events occurring at USP Tucson. He does not, for example, accuse Carvajal and Beasley of tampering with his mail, or falsifying incident reports, or making the decision to send plaintiff to a Special Housing Unit. Absent such allegations plaintiff fails to state a plausible constitutional claims against Carvajal and Beasley. *See Burke*, 821 F. Supp. 2d at 248 (notwithstanding plaintiff's having exhausted administrative remedies, plaintiff offered "no basis for imposing personal liability on any of the named defendants [among whom was former BOP Director] who could not have possibly participated in the day-to-day decisions about plaintiff's confinement at FCI Talladega"); *Thomas v. United States*, 779 F. Supp. 2d 154, 157-58 (D.D.C. 2011) (dismissing personal-capacity claim against BOP's Administrator of National Inmate Appeals where issuance of adverse decisions in response to grievances lacked "requisite personal involvement" in the alleged unconstitutional behavior); *Gonzalez v. Holder*, 763 F. Supp. 2d 145, 150 (D.D.C. 2011) (finding that prison official's decision on an inmate grievance with respect to an alleged constitutional violation does not itself render official personally liable under *Bivens*); *see also Morris v. U.S. Sentencing Comm'n*, 62 F. Supp. 3d 67, 75 (D.D.C. 2014) ("High-level officials . . . typically are not subject to *Bivens* liability since they

do not routinely participate personally in decisions about a particular individual at a particular location."), *aff'd*, 696 F. App'x 515, 516 (D.C. Cir. 2017) (affirming dismissal of personal and official capacity claims against Attorney General, as he "played no role whatsoever in the actions Morris alleged injured him").

> B. The Court Lacks Personal Jurisdiction Over von Blankensee, Gallion, Herlich, Madrid, Shirley, Lagro, Carabajal, Segal, Estrada, O'Brian, Phillips, Schneider, Cota-Reed, County, Miranda, Pullen and Johnson

"Plaintiff bears the burden of establishing that this Court possesses personal jurisdiction over each defendant." *Hampton v. Comey*, No. 14-CV-1607, 2016 WL 471277, at *6 (D.D.C. Feb. 8, 2016) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)), *aff'd*, No. 16-5058, 2016 WL 6238558 (D.C. Cir. Sept. 8, 2016). Defendants von Blankensee, Gallion, Herlich, Madrid, Shirley, Lagro, Carabajal, Segal, Estrada, O'Brian, Phillips, Schneider, Cota-Reed, County, Miranda, Pullen, and Johnson move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. *See generally* Defs.' Mot. at 21-25. A plaintiff survives a Rule 12(b)(2) motion if he "'make[s] a prima facie showing of the pertinent jurisdictional facts.'" *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56-57 (D.C. Cir. 2017) (quoting *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)). The prima facie showing requires specific factual allegations connecting each defendant to this forum. *See First Chi. Int'l*, 836 F.2d at 1378.

A court in the District of Columbia "may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Plaintiff does not allege that these defendants reside or maintain a principal place of business in the District of Columbia. In this circumstance, "[t]o determine whether it may exercise personal jurisdiction

over non-resident defendants such as these, the Court engages in a two-part inquiry." *Morris v. U.S. Probation Servs.*, 723 F. Supp. 2d 225, 228 (D.D.C. 2010).  The Court first "examine[s] whether jurisdiction is applicable under the [District of Columbia's] long-arm statute and then determine[s] whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).  Due process concerns are addressed if a plaintiff shows "minimum contacts between the defendant and the forum establishing that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).

In relevant part, the District's long-arm statute provides:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
>
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

D.C. Code § 13-423(a).  Plaintiff makes no showing that any of these individual defendants in their personal capacities transacts business, contracts to supply services, or causes tortious injury in the District of Columbia.  Nor does plaintiff allege that he sustained an injury in the District of Columbia.  Rather, the harms plaintiff allegedly suffered occurred in Arizona, and the alleged

perpetrators of these harms are current and former employees at USP Tucson.

Plaintiff is no more successful in demonstrating that these defendants have the requisite "minimum contacts" with the District of Columbia. "It is 'essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Hampton*, 2016 WL 471277, at *7 (quoting *Creighton Ltd. v. Gov't of State of Qatar*, 181 F.3d 118, 127 (D.C. Cir. 1999)) (additional citation omitted). Minimum contacts must arise from "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1988) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). In other words, a "defendant's conduct and connection with the forum State are such that [he] should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). It is not enough, as plaintiff asserts, *see, e.g.,* Pl.'s Opp'n at 10, 15, that these defendants are employees of a federal government agency with a headquarters office located in the District of Columbia. *See Scurlock v. Lappin*, 870 F. Supp. 2d 116, 121 (D.D.C. 2012) ("A person's status as a government employee who works for an agency headquartered in Washington, D.C., however, does not constitute contacts sufficient to subject him to this Court's personal jurisdiction"), *aff'd sub nom. Scurlock v. Samuels*, No. 12-5245, 2014 WL 590559 (D.C. Cir. Feb. 10, 2014) (per curiam); *Scinto v. Fed. Bureau of Prisons*, 608 F. Supp. 2d 4, 7 (D.D.C. 2009) (concluding allegations that defendants were following and enforcing regulations originating from BOP's Washington, D.C. headquarters "are insufficient to establish personal jurisdiction over non-resident BOP employees"), *aff'd*, 352 F. App x 448 (D.C. Cir. 2009) (per

curiam); *Ali v. Fed. Bureau of Prisons*, No. 17-CV-2293, 2018 WL 10582157, at *1 (D.D.C. Jan. 22, 2018) (concluding that "plaintiff cannot rely on [defendant's] status as an employee of the BOP, the headquarters office of which is in the District of Columbia, as a basis for personal jurisdiction"); *see also Pinson v. U.S. Dep't of Justice*, 975 F. Supp. 2d 20, 29 (D.D.C. 2013) (denying leave to amend complaint "to pursue monetary damages against . . . defendants for all alleged constitutional torts pursuant to *Bivens*" because plaintiff "has not demonstrated that this Court maintains personal jurisdiction over these defendants who appear to be located in Colorado").

The Court therefore concludes that it lacks personal jurisdiction over defendants von Blankensee, Gallion, Herlich, Madrid, Shirley, Lagro, Carabajal, Segal, Estrada, O'Brian, Phillips, Schneider, Cota-Reed, County, Miranda, Pullen, and Johnson.

C. This Matter Will Be Transferred to the District of Arizona

"Courts in this jurisdiction must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).  Under Federal Rule of Civil Procedure 12(b)(3), defendants move to dismiss on the ground that venue in this district is improper.  *See* Defs.' Mot. at 34-35.

Venue in a *Bivens* case is governed by 28 U.S.C. § 1391(b), *see Stafford v. Briggs*, 444 U.S. 527, 544 (1980), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

9

>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under no provision of § 1391(b) would venue in the District of Columbia be proper. Plaintiff does not allege that defendants von Blankensee, Gallion, Herlich, Madrid, Shirley, Lagro, Carabajal, Segal, Estrada, O'Brian, Phillips, Schneider, Cota-Reed, County, Miranda, Pullen, and Johnson reside in the District of Columbia, and the events described in the complaint occurred at USP Tucson where nearly all of these defendants currently work. And there is a judicial district in which this lawsuit could have been brought – the District of Arizona. That "policies and program statements" relevant to plaintiff's claims originated at BOP's Washington, D.C. headquarters, Pl.'s Opp'n at 15, does not render the District of Columbia a proper forum for resolution of those claims.

Plaintiff is no more successful in arguing that, if the Court were to consider his claims under the APA the Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 701 *et seq.*, the claims properly are resolved in this district, *see generally* Pl.'s Surreply at 3-6, presumably because BOP's headquarters is located here. An APA claim could not survive.

"To state a claim under the APA, a plaintiff must challenge a 'final agency action for which there is no other adequate remedy in a court,'" *Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec.*, 980 F.3d 109, 114 (D.C. Cir. 2020) (quoting 5 U.S.C. § 704), and plaintiff does not identify a particular final agency action suitable for judicial review. Even if he had, plaintiff cannot pursue claims under the APA against the defendants in their individual capacities for money damages. *See Jefferson v. Harris*, 170 F. Supp. 3d 194, 217 (D.D.C. 2016) (treating APA claim as if plaintiff brought it against the government only, not individual defendant); *Duhring*

10

*Res. Co. v. U.S. Forest Serv.*, No. 07-CV-314, 2009 WL 586429, at *6 (W.D. Pa. Mar. 6, 2009) ("The APA does not provide for individual-capacity claims, or money damages.").

Having concluded that venue in this district is improper, the Court either "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether to dismiss or transfer in the interest of justice is committed to the discretion of the district court." *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 408 (D.D.C. 2017) (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983)) (internal quotation marks omitted). The Court takes into consideration "whether transfer would prejudice [defendants'] position on the merits," plaintiff's *pro se* status, and whether "transfer would save [p]laintiff 'the time and expense of refiling this lawsuit in a different district.'" *McQueen v. Harvey*, 567 F. Supp. 2d 184, 188 (D.D.C. 2008) (quoting *Abramoff v. Shake Consulting, L.L.C.*, 288 F. Supp. 2d 1, 6 (D.D.C. 2003)) (additional citations omitted).

Dismissal is disfavored where, as here, plaintiff is proceeding *pro se*. *See James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (noting that "[c]ourts generally favor transfer over dismissal," and that "[t]his is especially true when the plaintiff files a complaint *pro se*"). Rather, in this Circuit, transfer is preferred "when procedural obstacles – such as lack of personal jurisdiction, improper venue and statute of limitations bars – impede an expeditious and orderly adjudication . . . on the merits." *Coltrane v. Lappin*, 885 F. Supp. 2d 228, 235 (D.D.C. 2012) (internal quotation marks and citations omitted).

Given that plaintiff's "claims concern his treatment while incarcerated at USP Tucson," defendants posit that "any surviving claims are more appropriately litigated in the District of Arizona, the district in which USP Tucson is located." Defs.' Mot. at 37. Although they

11

maintain that "this case would be subject to dismissal no matter where the case is transferred because [plaintiff] fails to state any valid claim upon which relief may be granted," *id*., defendants do not claim they would be prejudiced if the case were transferred. In the interest of justice, the Court will transfer this matter to the United States District Court for the District of Arizona. *See, e.g., Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 194 (D.D.C. 2007) (transferring prisoner's civil action brought under *Bivens* and the Federal Tort Claims Act to the district having "personal jurisdiction over the two defendants most involved in the underlying disciplinary proceedings and [where] venue" is proper).

III. CONCLUSION

The Court concludes that the complaint fails to state claims against Carvajal and Beasley and, therefore, plaintiff's claims against these defendants in their individual capacities will be dismissed. Further, the Court concludes that it lacks personal jurisdiction over defendants von Blankensee, Gallion, Herlich, Madrid, Shirley, Lagro, Carabajal, Segal, Estrada, O'Brian, Phillips, Schneider, Cota-Reed, County, Miranda, Pullen and Johnson, and that venue in this district is improper. The Court will transfer this action to the United States District Court for the District of Arizona, where plaintiff is incarcerated, where most defendants can be found, and where the events giving rise to plaintiff's claims occurred. An Order is issued separately.

DATE: December 22, 2021

COLLEEN KOLLAR-KOTELLY
United States District Judge